UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BATTERY HANDLING SYSTEMS, INC.,  )
                                                    )
       Plaintiff,                )
                                                    )
    vs.                                   )          Case No. 4:14-CV-782 (CEJ)
                                                    )
JAMES D. STONEMAN, et al.,         )
                                                    )
       Defendants.              )

**MEMORANDUM AND ORDER**

      This matter is before the Court on defendants' motion to expedite discovery by ordering the plaintiff to answer interrogatories and produce documents within three days of service and produce four witnesses for depositions within four days of service of deposition notices. In the alternative, defendants ask the Court to continue the preliminary injunction hearing scheduled for June 12, 2014. Plaintiff has filed a response in opposition to the motion.[1]

**Discussion**

      Rule 26(d), Fed.R.Civ.P., provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Courts apply either a "good cause" standard or a preliminary injunction standard to evaluate a motion to expedite. Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008). The Eighth Circuit has not expressly adopted either standard, Cook v. Williams, 2009 WL 3246877 at *1 (E.D. Mo. Oct. 6, 2009), and a majority of courts use the good cause standard.

---

[1] Plaintiff's opposition incorporates a motion, in the alternative, to quash one of four depositions noticed for June 10, 2014. In the future, the Court will not consider any motion that is not filed as a separate document.

Dorrah v. United States, 282 F.R.D. 442, 445 (N.D. Iowa 2012). Good cause may be found where "the need for expedited discovery, in consideration of administration of justice, out weighs prejudice to the responding party." Monsanto Co., 250 F.R.D. at 413. In a "good cause" analysis, a court must examine the discovery request "on the entirety of the record to date and the **reasonableness** of the request in light of all the surrounding circumstances." St. Louis Grp., Inc. v. Metals & Additives Corp., Inc., 275 F.R.D. 236, 239 (S.D. Tex. 2011) (emphasis in original; citations omitted).

Defendants have failed to establish good cause. First, defendants have known since April 24, 2014, that a preliminary injunction hearing would occur in this matter, and they have not adequately explained why they delayed seeking expedited discovery until nine days before the hearing. See Dimension Data North Amer., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531-32 (E.D.N.C. 2005) (denying plaintiff's motion for expedited discovery as "unreasonably timed" where it had not yet filed a motion for preliminary injunction). Second, defendants' proposed discovery is not narrowly tailored to obtain information relevant to the preliminary injunction. See Monsanto Co., 250 F.R.D. at 413 ("[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad.") (alteration in original; citations omitted). Here, defendants seek "all material facts" and documents pertaining to allegations in the complaint, including allegations relating to damages. In addition to being overbroad, the requests are burdensome in light of the short response time.

The Court also finds that continuation of the preliminary injunction hearing is unwarranted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to expedite discovery [Doc. #25] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's alternative request to quash deposition [Doc. #30] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2014.