UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BATTERY HANDLING SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14-cv-00782-CEJ |
| | ) |
| JAMES D. STONEMAN, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR ENTRY OF A CONSENT PRELIMINARY INJUNCTION**

The curiously titled motion for entry of a "consent preliminary injunction" reflects Defendants' second attempt to limit the restrictive covenants in the temporary restraining order ("TRO") and Mr. Stoneman's employment agreement, without a hearing. [See Doc. #17]. Defendants now argue that the Court can forego a hearing on the grounds that the injunction is being offered "by consent," because a "'hearing on the merits' and findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure Rule 52 are not required with respect to the entry of a *consent* preliminary injunction." [Doc. #28, ¶¶12, 13] (emphasis added). If all parties had consented to Defendants' proposed injunction, Defendants would be correct regarding the necessity for a hearing. But, it is undisputed that Plaintiff did not and does not consent to Defendants' proposed order. [See Doc. #28, ¶11].

Putting aside the misleading title, it is clear that Defendants' motion is nothing more than a re-tread of their previously filed and ruled-on motion to dissolve the temporary restraining order. [Doc. #17]. In that motion, Defendants asked this Court to dissolve the TRO and cancel the preliminary injunction hearing based, in part, on Defendants' representation that they would abide by certain "assurances." This new motion merely repackages those "assurances" in a

mislabeled "consent" preliminary injunction order. [*Compare* Doc. #17, *to* Doc. #28].

As noted in Plaintiff's prior opposition memorandum, Defendants' "assurances" were considerably more limited than the restrictions reflected in Mr. Stoneman's employment agreement and the TRO entered by the Court.  The limited nature of those "assurances," now included in the "consent" order, reflects Defendants' ongoing refusal to accept and abide by the restrictive covenants in the employment agreement.  It also makes it readily apparent that this dispute is not moot.

For example, Defendants' proposed assurances and the "consent" order would remove paragraph (b) from the Court's TRO, which prohibits Mr. Stoneman from competing with BHS, and replace it with a provision that only limits Mr. Stoneman from being directly employed by four specific companies. [Compare Doc. #12, to Doc. #28-1].  Defendants also seek to remove from the non-solicitation obligations the requirement that Mr. Stoneman not "indirectly" contact or solicit entities.  [Compare Doc. #12, to Doc. #28-1].

Plaintiff was not and is not opposed to the entry of a consent preliminary injunction (i.e., one that Plaintiff consents to) that would obviate the need for the preliminary injunction hearing.  Indeed, Plaintiff would agree to an order that simply extended the terms reflected in the Court's TRO through the time that this action is pending.  Defendants, however, continue to try to significantly limit those terms unilaterally and without justification. There are no grounds to support Defendants' efforts to modify and limit Mr. Stoneman's contractual obligations, especially at the preliminary injunction stage.

For the reasons discussed above, Plaintiff respectfully submits that Defendants' motion for entry of a "consent" preliminary injunction should be denied.

2

Respectfully submitted,


By: /s/ Jonathan D. Valentino
    Jonathan D. Valentino, #56166MO
    Jeffrey L. Schultz, #56553MO
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    jvalentino@armstrongteasdale.com
    jschultz@armstrongteasdale.com

    *ATTORNEYS FOR PLAINTIFF*
    *BATTERY HANDLING SYSTEMS, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Timm W. Schowalter
Narcisa P. Symank
Sandberg Phoenix & von Gontard, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
tschowalter@sandbergphoenix.com
nsymank@sandbergphoenix.com
*Attorneys for Materials Transportation Company*
*And Jim Granfor*

T. Christopher Bailey
Molly R. Batsch
Greensfelder, Hemker & Gale, P.C.
10 S. Broadway, Suite 2000
St. Louis, Missouri 63102
tcb@greensfelder.com
mrb@greensfelder.com
*Attorneys for Defendant Jim Granfor*

/s/ Jonathan D. Valentino